WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Kennedy, | No. CV-05-3613-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Honeywell Aerospace, Inc., | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 20), plaintiff's response (doc. 21), and defendant's reply (doc. 23). We also have before us plaintiff's third motion for an oral hearing (doc. 17), defendant's response (doc. 19), and plaintiff's reply (doc. 22), and defendant's motions to strike (docs. 15, 24).

On March 16, 2006, we granted defendant's motion to dismiss Count 4 of the complaint and also granted defendant's motion for a more definite statement (doc. 16). In our order, we noted specific deficiencies in plaintiff's original complaint, ordered plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure, and encouraged plaintiff to seek the advice of counsel. On April 11, 2006, plaintiff filed an amended complaint that is largely unchanged from the original (doc. 18). Defendant now moves to dismiss the amended complaint pursuant to Rules 9(b) and 12(b)(6), Fed. R. Civ. P.

1        Count 1 asserts a claim of "contrived and vicious termination of plaintiff." We
2 interpret this claim as one for wrongful termination. Under A.R.S. § 12-541, a cause of
3 action for wrongful termination, or "breach of an oral or written employment contract
4 including contract actions based on employee handbooks or policy manuals" must be
5 commenced within one year after the cause of action accrues. In our March 16, 2006 order,
6 we noted the potential statute of limitations problem, but plaintiff failed to address the issue.
7 Plaintiff alleges in the amended complaint that he was terminated from employment on or
8 about October 23, 2003, but he did not file this action until October 5, 2005. Because this
9 claim was not filed within the time limit set forth in A.R.S. § 12-451, it is barred by the
10 statute of limitations.

11        In Count 2, plaintiff alleges a claim under the "whistleblowers act." However, a
12 wrongful termination claim under Arizona law, including a claim for whistleblower
13 retaliation, must be brought within one year after the cause of action accrues. See A.R.S. §§
14 12-541(4), 23-1501(3)(c)(ii). Because this action was filed well after the one-year period,
15 Count 2 is also barred by the statute of limitations.

16        Count 3 of plaintiff's amended complaint is difficult to decipher. The claim is
17 described as "Denial to plaintiff of using due medical benefits . . . . Not allowing the plaintiff
18 to utilize his medical benefits during employment as sick time." Amended Complaint at 4.
19 Plaintiff cites no statute or caselaw to describe the nature of this allegation. Although Count
20 3 of his original complaint was styled as a violation of the Americans with Disabilities Act
21 and the Family Medical Leave Act, reference to those statutes in the amended Count 3 have
22 been eliminated. Because it is impossible to glean any cognizable legal theory, we dismiss
23 Count 3 pursuant to Rule 12(b)(6).

24        Although we dismissed Count 4 in plaintiff's original complaint because it failed to
25 state a cognizable legal theory, plaintiff asserts new allegations in Count 4 of his amended
26 complaint. Here, plaintiff's alleges "criminal charges" that defendant "practice[d] medicine
27 without a license." However, we are unaware of any private right of action upon which
28 plaintiff can base such a claim.

- 2 -

1    Amended Count 4 also charges defendant with "ignoring and denying a very sick
2 individual['s] . . . request . . . for an opportunity to seek a medical test . . . [which] is a gross
3 violation of the ADA, the FMLA." Amended Complaint at 6.  Even if we liberally construe
4 this claim as asserting a violation under the ADA, it would nevertheless fail because plaintiff
5 has not alleged that he exhausted his administrative remedies as required by 42 U.S.C. §
6 2000e-5.  We noted in our earlier order that any claim under the ADA will face this
7 exhaustion impediment, yet plaintiff failed to address this issue. Order at 3.  Further,
8 although plaintiff refers to a "violation of the FMLA," he fails to set forth a cognizable
9 factual or legal basis for that claim.  Accordingly, Count 4 is dismissed pursuant to Rule
10 12(b)(6).

11    Count 5 of the amended complaint alleges "breach of contract, and fraudulent taking
12 of funds from Plaintiff's pay check without offering contractual and paid benefits."  To the
13 extent Count 5 asserts a claim for breach of an employment contract, either written or oral,
14 including an employee handbook or policy manual, plaintiff was required to file his claim
15 within one year after the cause of action accrued. See A.R.S. § 12-541(3).  Plaintiff did not
16 file this claim, however, until almost two years after his termination and alleged denial of
17 benefits. Therefore, plaintiff's breach of contract claim is barred by the statute of limitations.
18 To the extent this count raises an issue of fraud, we informed plaintiff in our earlier order that
19 this claim was "wholly lacking in the particularity required by Rule 9(b)," and gave plaintiff
20 an opportunity to amend his complaint. Order at 2.  However, Count 5 in the amended
21 complaint is unchanged.  Accordingly, we dismiss Count 5 pursuant to Rules 9(b) and
22 12(b)(6).

23    Count 6 alleges a claim for "[d]istribution of privileged and private [and derogatory]
24 personal information to third parties," which prevented him "from obtaining any potential
25 employment after leaving Honeywell."  In our previous order, we noted that this count
26 appears to assert a defamation claim, however, we noted that plaintiff failed to describe the
27 nature of the "derogatory information" or to allege that it was false, a necessary element in
28 a defamation claim. Order at 2.  Despite this court's order for a more definite statement,

1  amended Count 6 is unchanged and fails to assert the necessary elements of a defamation or
2  any other cognizable legal claim. Therefore, Court 6 is dismissed pursuant to Rule 12(b)(6).
3      Finally, Count 7 appears to allege a claim for fraud, based on allegations that
4  defendant submitted "a fraudulent offer of settlement . . . and attempted to get [plaintiff] to
5  sign a document with the intention of getting [him] to give up [his] civil rights . . . while [he]
6  was extremely sick . . . and neither had the ability to read the documents nor was given an
7  opportunity to have another read them." Amended Complaint at 9. This claim is wholly
8  lacking in the particularity required by Rule 9(b), Fed. R. Civ. P. There is no indication of
9  the nature of any misrepresentation, how it might have been material, whether plaintiff relied
10 on it, or how plaintiff was damaged as a result thereof. This claim is dismissed pursuant to
11 Rules 9(b) and 12(b)(6).
12     Based on the foregoing, **IT IS ORDERED GRANTING** defendant's motion to
13 dismiss (doc. 20). **IT IS FURTHER ORDERED DENYING** plaintiff's motion for an oral
14 hearing (doc. 17) and **DENYING** defendant's motions to strike as moot (docs. 15 and 24).
15     We again suggest to plaintiff that he seek the assistance of a lawyer.
16     DATED this 5th day of June, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge