**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dennis Kennedy, | ) | No. CV-05-3613-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Honeywell Aerospace, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The court has before it four letters from plaintiff and the clerk shall accept them for filing in this case. The first letter can be construed as a motion for reconsideration. We also have before us defendant's motion to strike plaintiff's first letter (doc. 28), which we consider a response to the motion for reconsideration. A response to a motion for reconsideration is not allowed under the rules unless ordered by the court. LRCiv 7.2(g). We ordered no response, therefore we will not consider this motion and it is denied (doc. 28).

The order granting the defendant's motion to dismiss in favor of the defendant and against the plaintiff was docketed on June 6, 2006. Under LRCiv 7.2(g), a motion for reconsideration "shall be filed no later than ten days after the filing of the order" unless there is good cause shown. Here, although undated, the letters were received in September 2006, some three months after the order was filed. Just as the defendant is bound to follow the local and federal rules, as discussed above, so too is plaintiff.

1     When we considered the defendant's motions to dismiss, we carefully evaluated the
2  allegations contained in the complaint and attempted to find legal theories that could survive
3  the motion. However, plaintiff's original and amended complaints contained only narrative
4  accounts of the circumstances surrounding his termination from employment and the
5  deprivation of his benefits. Plaintiff failed to frame valid legal theories to support his
6  allegations. For example, plaintiff described a claim as "Denial to plaintiff of using due
7  medical benefits." Amended Complaint at 4. More is required to successfully present a
8  claim in court. The court and the parties are bound to follow rules that require a complaint
9  to be written in such a way as to inform the defendants of the legal claims against them so
10 that they may adequately present a defense.

11    We advised plaintiff in our first order that he needed to "link factual allegations to
12 actual legal claims." Order of March 16, 2006 at 2. We recommended that plaintiff seek the
13 advice of counsel and gave him an opportunity to amend his complaint. We provided
14 suggestions of what was needed in an amended complaint to avoid dismissal of his claims.
15 But plaintiff rejected our advice and submitted an amended complaint that was largely
16 unchanged from the original. Plaintiff's amended complaint failed to adequately inform the
17 defendant of the claims against it; therefore, we were duty-bound to dismiss the complaint.

18    Our civil justice system has been designed by lawyers for the use of lawyers. The
19 procedural and substantive rules are complex, and thus without a lawyer, a party has a small
20 chance of success. We understand plaintiff's disappointment, but about the only way claims
21 can be presented in court is through a lawyer. We further understand that plaintiff is
22 suffering from serious health issues and lack of funds, but the system addresses these
23 circumstances as well. Community legal services may provide discounted or free legal
24 services to plaintiffs with valid claims, who are unable to afford a lawyer. Equitable tolling
25 provisions may allow a party who is too sick or otherwise incapacitated additional time to
26 meet a filing deadline. But consultation with a lawyer is essential in understanding and
27 presenting these complicated claims.

28

We still recommend that plaintiff seek the advice of counsel. We had earlier recommended the Lawyer Referral Service of the Maricopa County Bar Association. Plaintiff could also consider contacting Community Legal Services at 602-258-3434.

Because we are bound by rules of law, construing one of the letters as a motion for reconsideration, IT IS ORDERED DENYING it. IT IS FURTHER ORDERED DENYING defendant's motion to strike (doc. 28).

DATED this 29th day of September, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge